### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE UNIVERSAL HEALTH SERVICES, INC., DERIVATIVE LITIGATION | : : : : | CIVIL ACTION NO. 17-02187 |
| This Document Relates To: | : : | HONORABLE JOEL H. SLOMSKY |
| ALL ACTIONS | : : : : | |

### PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE CERTAIN EXHIBITS ATTACHED TO <u>DEFENDANTS' MOTION TO DISMISS</u>

Plaintiffs respectfully submit this reply memorandum in further support of their Motion to Strike Three Exhibits Attached to Defendants' Motion to Dismiss ("Motion to Strike") (Dkt. No. 86).

Defendants fail to offer any credible argument as to why the Court should not strike Exhibits B, H and I (Dkt. Nos. 75-2, 75-8, and 75-9). Instead, Defendants' opposition demonstrates that they are improperly offering Exhibits B, H and I for the truth of the matter asserted therein. *See* Defendants' Memorandum in Opposition to Plaintiffs' Motion to Strike Three Exhibits Attached to Defendants' Motion to Dismiss ("Opp. to Strike") (Dkt. No. 94). The Court should not consider these exhibits at the motion to dismiss stage, where all of Plaintiffs' factual allegations must be treated as correct and all inferences must be drawn in Plaintiffs' favor.

Exhibits B, H, and I must be stricken because they are each improperly being cited for the truth of the matters asserted therein. A court cannot take judicial notice of a statement in an analyst report for the truth of the matter. *See, e.g., In re Energy Recovery Inc. Sec. Litig.*, No. 15-cv-

1

00265-EMC, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) (denying defendants' request to take judicial notice of analyst reports when offered for the "truth of the matters asserted in the reports"); *Lloyd v. CVB Fin. Corp.*, No. CV 10-06256 MMM (PJWx), 2012 WL 12883522, at *12 (C.D. Cal. Jan. 12, 2012) (noting that analyst reports are not judicially noticed for "the truth of the matters asserted in the reports.").

Defendants do not dispute this point of law but improperly ask the Court to take judicial notice of the factual statement in Exhibit B that "less than 1% of psych patients voluntarily show up for a clinical evaluation," for the truth of that statistic. *See* Defendants' Memorandum in Support of Motion to Dismiss the Verified Shareholder Derivative Consolidated Amended Complaint ("MTD") (Dkt. No. 75) at 4. Yet, the analyst report actually says "We'd guess. . .," demonstrating that it actually lacks a proper basis. Defendants reliance on that guess to dispute Plaintiffs' factual allegations that the number of patients who voluntarily sought evaluations and then were later institutionalized was substantial is improper both factually and legally. *Compare* Verified Shareholder Derivative Consolidated Amended Complaint ("CAC") (Dkt. No. 48) at ¶¶7, 136 with Opp. to Strike at 3 (claiming that the Court can take judicial notice of Exhibit B as a "background fact[]").

Likewise, Defendants offer Exhibits H and I to create a purported factual dispute over the credibility of *Buzzfeed.com*'s reporting. MTD at 8. Defendants intend to use the substance of the analysts' comments to dispute Plaintiffs' factual allegations that *Buzzfeed.com's* investigative reporting resulted in credible evidence of UHS's illicit practices – despite the fact that Plaintiffs alleged that *Buzzfeed* based its report on 175 interviews of current and former UHS staff, including

18 executives from UHS facilities, and more than 120 interviews with patients.[1]  Defendants offer

Exhibits H and I not for the fact that certain information entered the market, but for the underlying

purported truth of the analysts' opinions about the reliability of *Buzzfeed.com's* reports.  *See*

Plaintiffs' Memorandum of Law in Support of Their Motion to Strike Certain Exhibits Attached

to Defendants' Motion to Dismiss (Dkt. No. 86-1) at 3.  That is a clear attempt to create an

improper fact dispute at the motion to dismiss stage, and the Court should accordingly strike these

documents.  *See, e.g.*, *Vina Undurraga S.A. v. Serine Cannonau Vineyard, Inc.*, No. CV 15-9658

PSG (JPRx), 2016 WL 3763378, at *3 (C.D. Cal. June 2, 2016) (denying judicial notice of

publications and explaining that "courts are expressly cautioned against taking judicial notice of

reasonably disputed facts").

In arguing in support of judicial notice, Defendants claim that they are submitting Exhibits

B, H, and I to show "what the market knew at a given time."  *See* Opp. to Strike at 1.  That claim

is incorrect.  As shown by Defendants' own authority, the body of case law allowing for the judicial

notice of analyst reports to assess "what the market knew" arises in the narrow context of the

statute of limitations, where the issue is when a reasonable securities investor would have

discovered a securities claim.  *See, e.g.*, *In re Zyprexa Prods. Liab. Litig.*, 549 F. Supp. 2d 496,

501 (E.D.N.Y. 2008) (taking judicial notice of analyst report in connection with motion for

summary judgment on statute of limitations); *In re Merck & Co., Inc. Sec. Litig. Derivative &*

*"ERISA" Litig.*, 483 F. Supp. 2d 407, 420 n.3 (D. N.J. 2007) (taking judicial notice of analyst

reports in connection with motion to dismiss on statute of limitations ground).  Defendants here

---

[1]      Defendants failed to advise the Court that Mizuho Securities provides "investment banking services" for
UHS and "managed or co-managed a public offering of securities" for UHS, and, as such, was known in the market
for its close ties to UHS.

are not making a statute of limitations argument and the issue of "what the market knew" is not particularly relevant to whether Plaintiffs have pled demand futility.

Defendants' secondary argument that Exhibits B and I are incorporated by reference fares no better because a court cannot take judicial notice of a disputed fact in a document incorporated by reference into the complaint. *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1003 (9th Cir. 2018) (holding that it is "improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage."); *see also id*. at 1006 (rejecting incorporation of SEC filings because, *inter alia*, "in seeking incorporation of these documents, [defendant] improperly asked the district court to engage in fact-finding in the course of deciding the sufficiency of the Complaint."). Here, Defendants are attempting to draw the Court into fact finding regarding disputed facts at the pleading stage. This includes the analyst's assertion in Exhibit B that "less than 1%" of "psych patients" voluntarily show up for an evaluation. Indeed, this assertion is not only inconsistent with the allegations of the CAC, but the analyst who wrote Exhibit B himself also admitted in the report that the 1% figure was only a "guess." *See* Exhibit B to MTD.

As the Federal Rules of Evidence recognize, judicial notice is only appropriate for facts that are "***not subject to reasonable dispute***," including where facts "can be accurately and readily determined from ***sources whose accuracy cannot reasonably be questioned***." F.R.E. 201(b) (emphasis added). The purported "facts" in Defendants' Exhibits B, H and I – which Plaintiffs' reasonably dispute – fail those tests.

For the aforementioned reasons, as well as the reasons expressed in Plaintiffs' Motion to Strike, the Court should grant Plaintiffs' request and strike Exhibits B, H, and I and the conclusions offered by Defendants related to the same from the record.

Dated:  April 19, 2019

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 */s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV (*pro hac vice*)
Judith S. Scolnick (*pro hac vice*)
Donald A. Broggi (P.A. I.D. 85514)
Jonathan M. Zimmerman (P.A. I.D. 322668)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
tlaughlin@scott-scott.com
jscolnick@scott-scott.com
dbroggi@scott-scott.com
jzimmerman@scott-scott.com

*Co-Lead Counsel for Plaintiffs*

Michael J. Barry (PA I.D. 69122)
John Kairis (*pro hac vice*)
Viola Vetter (PA I.D. 206277)
**GRANT & EISENHOFER P.A.**
123 Justison Street
Wilmington, DE 19801
Telephone: (302) 622-7000
Facsimile:  (302) 622-7100
mbarry@gelaw.com
jkairis@gelaw.com
vvetter@gelaw.com

*Co-Lead Counsel for Plaintiffs*

Mark Lebovitch
David Wales (*pro hac vice*)
Adam Wierzbowski (*pro hac vice*)
**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Telephone: (212) 554-1400
Facsimile:  (212) 554-1444
markl@blbglaw.com

5

DWales@blbglaw.com
adam@blbglaw.com

*Co-Lead Counsel for Plaintiffs*

Sheryl L. Axelrod (PA I.D. 70959)
**THE AXELROD FIRM, PC**
The Beasley Building
1125 Walnut Street
Philadelphia, PA 19107
Telephone: (215) 461-1768
Facsimile:  (215) 238-1779
saxelrod@theaxelrodfirm.com

*Liaison Counsel for Plaintiffs*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 19, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties registered on the CM/ECF system.

_/s/ Thomas L. Laughlin, IV_

Thomas L. Laughlin, IV (*pro hac vice*)
