**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE UNIVERSAL HEALTH SERVICES, INC., DERIVATIVE LITIGATION | : : : : : : : : : | CIVIL ACTION NO. 17-02187 HONORABLE JOEL H. SLOMSKY |
| This Document Relates To: ALL ACTIONS | | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A SECOND CONSOLIDATED AMENDED COMPLAINT**

Co-Lead Plaintiffs[1] respectfully submit this Memorandum of Law in Support of their Motion for Leave to File a Second Consolidated Amended Complaint ("SAC") pursuant to Rules 15(a) and 59(e) of the Federal Rules of Civil Procedure (the "Motion"). Following the Court's August 19, 2019, issuance of its Memorandum Opinion and Order dismissing Co-Lead Plaintiffs' claims (ECF Nos. 119-20) (the "Order"), Co-Lead Plaintiffs seek leave to amend their Verified Shareholder Derivative Consolidated Amended Complaint (ECF No. 48) (the "CAC").

**I. INTRODUCTION**

Co-Lead Plaintiffs respectfully request that the Court grant leave to file a SAC within 90 days.[2] Co-Lead Plaintiffs seek leave to amend due to the forthcoming publication of the Corporate Integrity Agreement ("CIA") and related settlement documents (collectively, the "Settlement

---

[1]    "Co-Lead Plaintiffs" are Amalgamated Bank, Trustee of the Longview Broad Market 3000 Index Fund, Longview LargeCap 500 Index Fund, Longview LargeCap 500 Index VEBA Fund, Longview Quant LargeCap Equity VEBA Fund, and Longview Quantitative LargeCap Fund; City of Cambridge Retirement System; and Charter Township of Clinton Police & Fire Pension Fund.

[2]    In the alternative, Co-Lead Plaintiffs seek leave to file a motion to amend their CAC 30 days after publication of the Settlement Documents (defined herein).

Documents") that Defendants[3] have stated they intend to enter into with the U.S. Department of Justice ("DOJ") and various state attorneys general in connection with Universal Health Services, Inc.'s ("Universal" or the "Company") recently announced $127 million settlement.  That settlement will resolve the DOJ's and state attorneys general's investigations into Universal's non-compliance with regulatory requirements relating to admission eligibility, discharge decisions, length of stay, and/or patient care issues in violation of the False Claims Act ("FCA").

Co-Lead Plaintiffs anticipate that the contents of these Settlement Documents will address the issues raised in the Order dismissing their claims on demand futility grounds, including the extent to which the Board had reason to know that the various government investigations concerned corporate misconduct related to ongoing violations of the FCA.  *See* Order at 69-73. Documents like the Settlement Documents typically contain factual detail regarding the nature and extent of the underlying wrongdoing, and the nature of the corporate governance changes necessary to change them.  *See*, *e.g.*, Ex. A (McKesson Corp. settlement documents); Ex. B (AmerisourceBergen Corp. settlement agreement); Ex. C (Amedisys, Inc. CIA).  They may also contain a discussion of the history of the federal and state governments' investigations into the Company and details about when it learned specific facts of the investigations.  *See also* Ex. A ¶¶6-7.  Because such factual matters here would potentially allow Co-Lead Plaintiffs to further strengthen their allegations that the government investigations of misconduct at the Company were a "red flag" of which the Universal Board was aware, the Court should grant leave to amend. Further, pursuant to Rule 59(e), the Court should amend the Order to allow leave to amend.

---

[3]     Unless otherwise defined, all capitalized terms herein shall have the same meaning as those set forth in the CAC.

Accordingly, for these reasons and the reasons set forth below, the Court should grant Co-Lead Plaintiffs' Motion in full.[4]

## II. PROCEDURAL HISTORY

On March 29, 2018, the Court consolidated the four related shareholder derivative suits that comprise this action and appointed Co-Lead Plaintiffs and Co-Lead Counsel.  Thereafter, on October 5, 2018, Co-Lead Plaintiffs filed the CAC, which Defendants moved to dismiss on February 11, 2019.  Co-Lead Plaintiffs opposed Defendants' motion to dismiss on April 1, 2019, and Defendants' filed their reply on April 29, 2019.  The parties argued their respective positions during a May 31, 2019, hearing before this Court.

On July 25, 2019, as Universal and Co-Lead Plaintiffs previously apprised the Court, Universal disclosed that it had "recently reached an agreement in principle with the DOJ's Civil Division, and on behalf of various states' attorneys general offices, to resolve the civil aspect of the government's investigation of our behavioral health care facilities for *$127 million* subject to requisite approvals and *preparation and execution of definitive settlement and related agreements*." ECF No. 116-1.[5]  As Universal also further disclosed, it was "awaiting the initial draft of a potential corporate integrity agreement with the Office of Inspector General for the United States Department of Health and Human Services ("OIG") *which we expect will be part of the overall settlement of this matter*." *Id*.  As of the filing of the present Motion, Universal and the OIG have not yet published the definitive settlement and related agreements between them.

On August 19, 2019, the Court granted Defendants' motion to dismiss on demand futility grounds in an Order that was silent on whether dismissal was with or without prejudice, and silent

---

[4] Co-Lead Plaintiffs have conferred with Defendants with respect to this Motion. Defendants oppose the relief sought.

[5] Unless otherwise indicated, all emphasis is added and citations are omitted.

on whether Co-Lead Plaintiffs may amend, or move to amend, the CAC.  This was the first time the Court issued a ruling on the legal merits of Co-Lead Plaintiffs' allegations.

### III.   ARGUMENT

#### A.   Leave to Amend Is Freely Granted

"The standard for allowing amended pleadings under Rule 15(a) is a liberal one[.]" *MBMJ Props., LLC v. Millville Mut. Ins. Co.*, No. 18-5071, 2019 WL 1651667, at *6 (E.D. Pa. Apr. 17, 2019) (Slomsky, J.).  Indeed, the Supreme Court has cautioned that although "'the grant or denial of an opportunity to amend is within the discretion of the District Court, ... outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of that discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (ellipsis in original).  Thus, "'the court should freely give leave when justice so requires,' and the Third Circuit has held that 'motions to amend pleadings should be liberally granted'" in the absence of reasons not present here, such as "undue delay, bad faith or dilatory motive" on the part of the movant or if the amendment "would be futile" or "prejudice the other party." *Danon v. Vanguard Grp., Inc.*, No. 15-cv-6864, 2018 WL 5785342, at *3 (E.D. Pa. Nov. 2, 2018); *see also Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (citing *Foman*, 371 U.S. at 182 ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.")); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *Takeda Pharms. USA, Inc. v. Spireas*, No. 17-0452, 2017 WL 4401988, at *21 (E.D. Pa. Oct. 3, 2017) (Slomsky, J.) ("'[A] court *must* permit a curative amendment, unless an amendment would be inequitable or futile.'").[6]

---

[6] The fact that this motion is brought under both Rule 15(a) and Rule 59(e) does not change the applicable standard.  Indeed, in considering motions for leave to amend, courts in this Circuit

4

### B. Amendment Is Not the Result of Undue Delay, Bad Faith, or Dilatory Motive and Will Not Prejudice Defendants

"If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Here, none of the enumerated grounds for denial of post-judgment leave to amend are present. *See id.* (citing "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment").

Co-Lead Plaintiffs' allegations have only been tested once. Co-Lead Plaintiffs' first and only joint complaint was the CAC that was subject of this Court's Order. The Order was the first time that Co-Lead Plaintiffs were apprised of the Court's views, with respect to demand futility, and of the fact that the Court deemed Co-Lead Plaintiffs' then-current allegations insufficient to plead that demand was futile.

---

apply the more liberal standard set forth in *Foman*, which mandates that post-judgment amendments are considered through the prism of Rule 15. *See Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984) ("Where a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and Rule 59 inquiries turn on the same factors."); *Cureton v. Nat'l Collegiate Athletic Ass'n*, No. CIV. A. 97-131, 2000 WL 388722, at *1 (E.D. Pa. Apr. 13, 2000), *aff'd*, 252 F.3d 267 (3d Cir. 2001) (same). Courts in this Circuit and across the country routinely grant post-dismissal leave to amend. *See, e.g.*, *Vanguard*, 2018 WL 5785342, at *6; *Ndubizu v. Drexel Univ.*, No. 07-3068, 2009 WL 3459182, at *4 (E.D. Pa. Oct. 26, 2009); *Public Pension Fund Grp. v. KV Pharm. Co.*, 679 F.3d 972, 987 (8th Cir. 2012) (district court abused its discretion by denying motion for leave to amend); *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (same); *IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, No. 11-429 (DWF/FLN), 2012 WL 5199443, at *2 (D. Minn. Oct. 22, 2012) (granting post-judgment motion for leave to amend); *In re Express Scripts Holding Co. Sec. Litig.*, No. 16 Civ. 3338 (ER), 2017 WL 3278930, at *20 (S.D.N.Y. Aug. 1, 2017) (allowing post-dismissal amendment "because leave to amend should be freely given 'when justice so requires'"); *In re DaimlerChrysler AG Sec. Litig.*, 200 F. Supp. 2d 439 (D. Del. 2002) (granting post-dismissal motion to file proposed amended complaint under Rule 15(a)); *Ferber v. Travelers Corp.*, No. H-90-842 (AHN), 1992 WL 34683, at *1 (D. Conn. Jan. 9, 1992) (citing "liberal amendment policy" of Rule 15(a) and *Foman* in granting Rule 59(e)/60(b) motion seeking relief from dismissal to amend complaint under Rule 15(a)).

5

There has been no undue delay.  Undue delay is established if a proposed amendment "plac[es] an unwarranted burden on the court" and the movant had an inappropriate motive for proposing it later rather than sooner.  *Gould*, 739 F.2d at 868.  The "mere existence of delay" alone is not sufficient.  *Merican, Inc. v. Caterpillar Tractor Co.*, 596 F. Supp. 697, 705 (E.D. Pa. 1984).  Co-Lead Plaintiffs filed this Motion expeditiously and within the deadline set forth in Rule 59(e).  *See* Fed. R. Civ. P. 59(e) ("motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").  The simple fact that the action has been litigated through the motion to dismiss stage cannot constitute delay, otherwise leave to amend would never be granted following a dismissal.

The Motion cannot be attributed to any bad faith or dilatory motive on the part of Co-Lead Plaintiffs, nor will Defendants be prejudiced by the amendment.  To date, Defendants have not identified any prejudice to them that would result from Co-Lead Plaintiffs being permitted to file a SAC.  Since the party opposing amendment bears the burden of showing undue delay, bad faith, or prejudice, these factors favor approving Co-Lead Plaintiffs' Motion.

### C. Amendment Will Not Be Futile

As discussed above, on July 25, 2019, Universal announced that it had reached an agreement-in-principle with the DOJ's Civil Division, and on behalf of various states' attorneys general offices, to resolve the civil aspects of the government's investigations into its behavioral health care facilities for $127 million, subject to requisite approvals and preparation and execution of definitive settlement and related agreements, including a CIA.  On July 26, 2019, Defendant Filton twice stated during the Company's second quarter 2019 earnings call that the Company expected these documents to be finalized soon, by "mid-fall."  As of September 4, 2019, Universal had received and exchanged a draft formal settlement agreement with the government, but had not yet received and/or reviewed a draft CIA.  Co-Lead Plaintiffs expect a CIA to be forthcoming.

Co-Lead Plaintiffs anticipate that the Settlement Documents will include substantial details regarding the DOJ's investigation and finding into Universal's improper admission and length of stay practices at its behavioral health facilities, and when the Company was apprised of certain details of the government investigations. These additional facts will potentially strengthen Co-Lead Plaintiffs' allegations that Universal was engaged in a multi-year scheme to improperly code patients in order to collect medical reimbursements from government programs and that the government investigations into these practices put the Company's Board on actual or constructive notice of the wrongdoing. Such facts would address the Court's holding on Defendants' motion to dismiss that the CAC alleged only "the fact that the government opened an investigation into [Universal] for potential violations of the False Claims Act" rather than that the "company actually violated the False Claims Act or that the Board knew that any violations occurred" (ECF No. 119 at 72) – which is contradicted by the $127 million governmental settlement and a host of further allegations made in the CAC, and cited in the motion to dismiss briefing,[7] and may be further undermined by the terms of the forthcoming Settlement Documents.

---

[7]  These allegations include the fact that Universal's Form 10-Q filed with the SEC on August 8, 2018, signed by Defendant, Chairman of the Board, and CEO Alan Miller, states, in relevant part:

> The DOJ has advised *us* that the civil aspect of the coordinated investigation referenced above is a False Claims Act investigation focused on billings submitted to government payors in relation to services provided at those facilities. While there have been various matters raised by DOJ during the pendency of this investigation, ***DOJ Civil has advised that the focus of their investigation is on medical necessity issues and billing for services not eligible for payment*** due to non-compliance with regulatory requirements relating to, among other things, ***admission eligibility, discharge decisions, length of stay and patient care issues***. ***It is our understanding that the DOJ Criminal Fraud Section is investigating issues similar to those focused on by DOJ Civil*** and the other related agencies involved in this matter.

Compl. ¶151.

Reading the CAC in the light most favorable to it, as it must:

## IV. CONCLUSION

For the reasons set forth above, Co-Lead Plaintiffs respectfully request that the Court grant the Motion in full.

| | |
|---|---|
| Dated: September 13, 2019 | **SCOTT+SCOTT ATTORNEYS AT LAW LLP**<br><br> /s/ Thomas L. Laughlin, IV<br>Thomas L. Laughlin, IV (*pro hac vice*)<br>Judith S. Scolnick (*pro hac vice*)<br>Donald A. Broggi (P.A. I.D. 85514)<br>Jonathan M. Zimmerman (P.A. I.D. 322668)<br>The Helmsley Building<br>230 Park Avenue, 17th Floor<br>New York, NY 10169<br>Telephone: (212) 223-6444<br>Facsimile: (212) 223-6334<br>tlaughlin@scott-scott.com<br>jscolnick@scott-scott.com<br>dbroggi@scott-scott.com<br>jzimmerman@scott-scott.com<br><br>*Co-Lead Counsel for Plaintiffs* |

---

[T]he Court *must* find that when Chairman of the Board and CEO Alan Miller stated that '[t]he DOJ has advised *us*' (Compl. ¶151), he meant the Board; and that when he said it is "*our* understanding that the DOJ Criminal Fraud Section is investigating issues similar to those focused on by DOJ Civil and the other related agencies involved in this matter" (*id.*), he was talking about the Board's understanding.

The DOJ Civil Division would not be investigating Universal if there were no issues surrounding Universal improper revenue stream. Certainly, at the motion to dismiss stage, the Court must construe the Complaint in the light most favorable to Plaintiffs and interpret such allegations to infer that was why the DOJ Civil Section was investigating Universal.

Moreover, the Court must construe Plaintiffs' averment that the Universal Board was informed that the DOJ Criminal Fraud and Civil Sections were investigating Universal for improper patient admissions, discharge decisions, billing, length of stay, patient care, and billing for medically unnecessary treatment issues to mean that the Board was informed that the DOJ Criminal Fraud and Civil Sections were investigating Universal for the very issues Plaintiffs raise in their Complaint, including that Universal improperly characterized patients as suicidal, to involuntarily keep them and bill them and their insurers for unnecessary stays and treatment.

ECF No. 114 at 3-4.

Michael J. Barry (PA I.D. 69122)
John C. Kairis (*pro hac vice*)
Viola Vetter (PA I.D. 206277)
**GRANT & EISENHOFER P.A.**
123 Justison Street
Wilmington, DE 19801
Telephone: (302) 622-7000
Facsimile: (302) 622-7100
mbarry@gelaw.com
jkairis@gelaw.com
vvetter@gelaw.com

*Co-Lead Counsel for Plaintiffs*

Mark Lebovitch
David Wales (*pro hac vice*)
Adam Wierzbowski (*pro hac vice*)
**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
markl@blbglaw.com
DWales@blbglaw.com
adam@blbglaw.com

*Co-Lead Counsel for Plaintiffs*

Sheryl L. Axelrod (PA I.D. 70959)
**THE AXELROD FIRM, PC**
The Beasley Building
1125 Walnut Street
Philadelphia, PA 19107
Telephone: (215) 461-1768
Facsimile: (215) 238-1779
saxelrod@theaxelrodfirm.com

*Liaison Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

 */s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV (*pro hac vice*)