# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE UNIVERSAL HEALTH SERVICES, INC., DERIVATIVE LITIGATION | : : : : : : : : : | CIVIL ACTION NO. 17-02187 <br><br> HONORABLE JOEL H. SLOMSKY |
| This Document Relates To: | | |
| ALL ACTIONS | | |

## ORDER PRELIMINARILY APPROVING SETTLEMENT  AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT

WHEREAS, a stockholder derivative action is pending in this Court *In re Universal Health Services, Inc., Derivative Litigation*, Civil Action No. 17-02187 (including each of its member cases, the "Federal Action");

WHEREAS, (i) lead plaintiffs in the Federal Action: Amalgamated Bank, Trustee of the Longview Broad Market 3000 Index Fund, Longview LargeCap 500 Index Fund, Longview LargeCap 500 Index VEBA Fund, Longview Quant LargeCap Equity VEBA Fund, and Longview Quantitative LargeCap Fund ("Amalgamated"), City of Cambridge Retirement System ("Cambridge"), and Charter Township of Clinton Police & Fire Pension Fund ("Clinton" and, together with Amalgamated and Cambridge, the "Federal Plaintiffs"); (ii) plaintiffs in the stockholder derivative action captioned *Delaware County Employees' Retirement Fund, et al. v. Alan B. Miller, et al.*, C.A. No. 2017-0475-JTL (the "Delaware Action" and, together with the Federal Action, the "Actions"), pending in the Court of Chancery of the State of Delaware (the "Delaware Court"): Delaware County Employees' Retirement Fund ("Delaware County") and Chester County Employees' Retirement System ("Chester County" and, together with Delaware

County, the "Delaware Plaintiffs" which, together with the Federal Plaintiffs, are the "Plaintiffs"); (iii) Dr. Eli Inzlicht-Sprei (together with Plaintiffs, the "Settling Stockholders"); (iv) defendants in the Federal Action: Alan Miller, Marc Miller, Robert H. Hotz, Lawrence S. Gibbs, Eileen C. McDonnell, Anthony Pantaleoni, John H. Herrell, Steve G. Filton, Debra K. Osteen, Marvin G. Pember, Charles F. Boyle, and James Caponi (collectively, the "Federal Defendants"); (v) defendants in the Delaware Action: Alan Miller, Marc Miller, Robert H. Hotz, Lawrence S. Gibbs, Eileen C. McDonnell, Anthony Pantaleoni, John H. Herrell, Steve G. Filton, Charles F. Boyle, James Caponi, and Matthew Klein (collectively, the "Delaware Defendants" and, together with the Federal Defendants, the "Defendants"); and (vi) nominal defendant in the Federal Action and Delaware Action: Universal Health Services, Inc. ("UHS" or the "Company") (Plaintiffs, Dr. Eli Inzlicht-Sprei, Defendants, and UHS, collectively, the "Settling Parties"), have determined to settle the Federal Action, the Delaware Action, and the stockholder litigation demand submitted by Dr. Eli Inzlicht-Sprei on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated September 15, 2021 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Federal Plaintiffs have made a motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to holders of UHS common stock as of the date of entry of this Order ("Current UHS Stockholders"), as more fully described herein;

WHEREAS, the Court has read and considered: (i) Federal Plaintiffs' motion for preliminary approval of the Settlement and authorization to provide notice of the Settlement to Current UHS Stockholders, and the papers filed and arguments made in connection therewith; and (ii) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

2. **Settlement Fairness Hearing** – The Court will hold a hearing (the "Settlement Fairness Hearing") on December 20, 2021, at 10:30 a.m., either in person at United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106, or by telephone or videoconference (in the discretion of the Court), to determine, among other things: (i) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to UHS and UHS Stockholders, and should be finally approved by the Court; (ii) whether a Judgment, substantially in the form attached as Exhibit E to the Stipulation, should be entered finally approving the Settlement and dismissing the Federal Action with prejudice against the Federal Defendants; (iii) whether the application by Federal Plaintiffs' Counsel, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees and litigation expenses should be approved; and (iv) any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Fairness Hearing shall be given to Current UHS Stockholders as set forth in paragraph 4 of this Order.

3. The Court may adjourn the Settlement Fairness Hearing without further notice to the UHS Stockholders and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the UHS Stockholders.  The Court

may decide to hold the Settlement Fairness Hearing by telephone or video conference without notice to the UHS Stockholders.  If the Court orders that the Settlement Fairness Hearing be conducted telephonically or by video conference, that decision will be posted on the "Investor Relations" section of UHS's website.  Any Current UHS Stockholder (or his, her, or its counsel) who wishes to appear at the Settlement Fairness Hearing should consult the Court's docket and/or "Investor Relations" section of UHS's website for any change in date, time, or format of the hearing.

4. **Manner of Giving Notice** – Not later than the later of ten (10) business days after the date of entry of this Order or forty-five (45) calendar days before the Settlement Fairness Hearing, Defendants and the Company shall (i) cause the Stipulation and Notice, substantially in the form attached as Exhibit C to the Stipulation, to be furnished to the Securities and Exchange Commission via a Form 8-K, 10-Q, or 10-K; and (ii) cause the Sumary Notice, substantially in the form attached as Exhibit D to the Stipulation, to be published in *Investor's Business Daily*. Not later than ten (10) business days after the date of entry of this Order, Defendants and the Company also shall post the Stipulation and Notice on the "Investor Relations" section of UHS's website until the entry of the Judgment.  Not later than seven (7) calendar days prior to the Settlement Fairness Hearing, Defendants and the Company shall serve on Federal Plaintiffs and file with the Court proof, by affidavit or declaration, of compliance of the notice requirements of this paragraph 4.

5. **Approval of Form and Content of Notice** – The Court approves, as to form and content, the Notice, and finds that notice of the Settlement in the manner and form set forth in paragraph 4 of this Order: (i) constitutes notice that is reasonably calculated, under the circumstances, to apprise Current UHS Stockholders of the pendency of the Actions, of the effect

of the proposed Settlement (including the Releases to be provided thereunder), of Federal Plaintiffs' Counsel's motion for an award of attorneys' fees and litigation expenses, of their right to object to the Settlement and/or Federal Plaintiffs' Counsel's motion for attorneys' fees and litigation expenses, and of their right to appear at the Settlement Fairness Hearing; (ii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iii) satisfies the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.  The date and time of the Settlement Fairness Hearing shall be included in the Notice before it is furnished to Current UHS Stockholders.

6. **<u>Appearance and Objections at Settlement Fairness Hearing</u>** – Any Current UHS Stockholder may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Representative Federal Plaintiffs' Counsel, Defendants' Counsel, and UHS Counsel at the addresses set forth in paragraph 7 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, or as the Court may otherwise direct.  Any Current UHS Stockholder who or which does not enter an appearance shall be deemed to have waived and forfeited any and all rights he, she, or it may otherwise have to appear separately at the Settlement Fairness Hearing.

7. Any Current UHS Stockholder may file a written objection to the proposed Settlement and/or Federal Plaintiffs' Counsel's motion for attorneys' fees and litigation expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement and/or Federal Plaintiffs' Counsel's motion for attorneys' fees and litigation expenses should not be approved; *provided, however*, that no Current UHS Stockholder shall be heard or entitled to

contest the approval of the terms and conditions of the proposed Settlement and/or the motion for attorneys' fees and litigation expenses unless that person or entity has filed a written objection with the Clerk of Court and served copies of such objection both by U.S. Mail and email on Representative Federal Plaintiffs' Counsel, Defendants' Counsel, and UHS Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing.

| **Clerk's Office** | **Defendants' Counsel** |
|---|---|
| United States District Court<br>Eastern District of Pennsylvania<br>601 Market Street, Philadelphia, PA 19106 | Morgan, Lewis & Bockius LLP<br>Steven A. Reed, Esq.<br>1701 Market Street<br>Philadelphia, PA 19103-2921<br>Steven.reed@morganlewis.com |
| **Representative Federal Plaintiffs' Counsel** | **UHS Counsel** |
| Bernstein Litowitz Berger & Grossmann LLP<br>David Wales, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Davidw@blbglaw.com | Robbins, Russell, Englert, Orseck & Untereiner LLP<br>Attn: Gary A. Orseck, Esq.<br>2000 K Street, NW<br>4th Floor<br>Washington DC 20006<br>Telephone: (202) 775-4504<br>Facsimile: (202) 775-4510<br>Email: gorseck@robbinsrussell.com |

8. Any objections, filings, and other submissions by the objecting Current UHS Stockholder must identify the case name and civil action number for the Federal Action, "*In re Universal Health Services, Inc., Derivative Litigation*, Civil Action No. 17-02187," and they must: (i) state the name, address, and telephone number of the person or entity objecting, and if represented by counsel, the name, address, and telephone number of such counsel, and must be signed by the objector; (ii) state with specificity the grounds for the objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention; and

(iii) include documentation sufficient to prove that the objector owned shares of UHS common stock as of the close of trading on the date of entry of this Order. Documentation establishing ownership of UHS common stock must consist of copies of a monthly brokerage account statement, or an authorized statement from the objector's broker containing the information found in an account statement.

9. Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors who intend to appear at the Settlement Fairness Hearing through counsel must also identify that counsel by name, address, and telephone number. It is within the Court's discretion to allow appearances at the Settlement Fairness Hearing either in person or by telephone or video conference.

10. Any Current UHS Stockholder who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement or Federal Plaintiffs' Counsel's motion for attorneys' fees and litigation expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement or requested attorneys' fees and litigation expenses, or from otherwise being heard concerning the Settlement or the requested attorneys' fees and litigation expenses in this or any other proceeding.

11. **<u>Stay and Temporary Injunction</u>** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins the commencement or prosecution of

(i) any action asserting any Released Plaintiffs' Claims against any of the Released Defendants' Persons; and (ii) any action asserting any Released Defendants' Claims against any of the Released Plaintiffs' Persons.

12. **Notice Costs** –The Company shall assume all administrative responsibility for and pay or cause to be paid any and all reasonable Notice Costs, regardless of whether the Court finally approves the Settlement or the Effective Date of the Settlement otherwise fails to occur, and in no event shall Settling Stockholders or their respective counsel be responsible for any Notice Costs.

13. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of the Settling Parties or UHS Stockholders, and the Federal Plaintiffs and Federal Defendants shall revert to their respective positions in the Federal Action as of immediately prior to the execution of the MOU on June 1, 2021, as provided in the Stipulation.

14. **Use of this Order** – Neither this Order, the MOU, the Stipulation (whether or not consummated), including the exhibits thereto, the negotiations leading to the execution of the MOU and the Stipulation, nor any proceedings taken pursuant to or in connection with this Order, the MOU, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(i) shall be offered against any of the Released Defendants' Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Persons with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the

deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Persons or in any way referred to for any other reason as against any of the Released Defendants' Persons, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the Settlement; or

(ii) shall be offered against any of the Released Plaintiffs' Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiffs' Persons that any of their claims are without merit, that any of the Released Defendants' Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement consideration or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Persons, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the Settlement; *provided, however*, that if the Stipulation is finally approved by the Court, the Settling Parties, the Released Persons, and their respective counsel may refer to it to effectuate the protections from liability granted under the Stipulation or otherwise to enforce the terms of the Settlement.

15. **Supporting Papers** – Federal Plaintiffs' Counsel shall file and serve the opening papers in support of the proposed Settlement and Federal Plaintiffs' Counsel's motion for attorneys' fees and litigation expenses no later than thirty-five (35) calendar days prior to the Settlement Fairness Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

16. **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this 18th day of October, 2021.

                                                  <u>/s/Joel H. Slomsky, J.</u>
                                        The Honorable Joel H. Slomsky
                                      United States District Court Judge